# IN THE UNITED DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOAN CAROL LIPIN, | * | Case No.: 1 : 23 C V 6 8 4 . |
| Plaintiff, | * | |
| | * | **COMPLAINT** |
| ARTHUR DODSON WISEHART a/k/a | * | |
| ARTHUR D. WISEHART, AND | * | J. McFARLAND |
| MARK APELMAN, | * | |
| | * | MJ. BOWMAN |
| Defendants. | * | |

**COMES NOW JOAN CAROL LIPIN** ("Plaintiff"), who complains of each above-named defendant, jointly and severally, and alleges as follows - that Arthur Dodson Wisehart a/k/a Arthur D. Wisehart ("Defendant 1") and Mark Apelman ("Defendant 2") have violated the Racketeer Influence and Corrupt Organizations Act ("RICO") and each has engaged in a pattern of racketeering activity connected to an enterprise on two or more instances and that each defendant directly invested in, and maintained an interest in, or participated in the enterprise affecting interstate commerce pursuant to 18 U.S.C. 1961 §1503 (relating to obstruction of justice), § 1341 (relating to mail fraud), § 1343 (relating to wire fraud), and § 1951 (relating to interference with commerce), since on or about October 1, 2017.

## *JURISDICTION*

1. This Court has original jurisdiction over this civil Racketeer Influenced and Corrupt Organizations Act ("RICO") action arising under the Constitution, laws, or treaties of the United States, pursuant to 28 U.S.C. § 1331.

2. Pursuant to 28 U.S.C. § 1332(a)(1), and (c), this Court has diversity jurisdiction and supplemental jurisdiction pursuant to 28 U.S. Code § 1367(a).

3. Pursuant to 18 U.S.C. § 1964(a), this Court has jurisdiction to prevent and restrain violations of 18 U.S.C. § 1962 "by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; ordering dissolution … of any enterprise, making due provision for the rights of innocent persons."

4. Pursuant to 18 U.S.C. § 1964(c), Plaintiff, who resides in Hamilton County and is a citizen of the State of Ohio, has been injured in her business or property and she is able to bring each defendant party to be sued in this Court, and to recover threefold the damages she sustained, and the cost of this lawsuit, including reasonable attorney's fees.

### *PERSONAL JURISDICTION AND VENUE*

5. Personal jurisdiction and venue of this Court over each defendant party is predicated, in accordance with 18 U.S.C. sec. 1965(a) and (b) have transacted their affairs in Preble County, the State of Ohio, and in Denver, Colorado.

6. Each defendant party herein has engaged, and/or continues to engage, in the acts and occurrences in furtherance of the claims that are asserted against each of them.

7. This Court also has jurisdiction, pursuant 18 U.S.C. sec. 1965(a) and (b), because the ends of justice require that the defendant parties be brought before this Court in whose jurisdiction the plaintiff resides.

8. Pursuant to 18 U.S.C. § 1962(c), and 18 U.S.C. §§ 1964(a) and (c), each defendant herein has conducted or participated, directly or indirectly, in conduct masterminded and orchestrated by the principal defendants who have engaged in a pattern and practice in violation

of 18 U.S.C. § 1962(a), (b), (c), and (d), to injure plaintiff's business or property, and that each defendant's violations is the proximate cause of that injury.

9. Each defendant is an associated-in-fact member of the enterprise which is controlled by Defendant I, who, on the basis of common law fraud and deceit, (a) purported to act as co-trustee of an Indiana irrevocable Trust Agreement or Trust Contract, to which that Defendant was not a party, that expired under its own terms, conditions, and intent on or about April 15, 2025; (b) purports to act as trustee of the same Indiana Trust Agreement or Trust Contract to which that Defendant was not a party; and (c) purports to act as trustee of the AMW Family Trust that became a legal nullity on or about April 20, 2015, when the husband of the Plaintiff Arthur McKee Wisehart, who was the father of the Defendant I son, terminated the AMW Trust.

10. Defendant II is the chief architect of the racketeering enterprise and in collusion with Defendant I, and others acting in concert, embarked upon and implemented the pre-meditated scheme on or about October 1, 2017, in Denver, Colorado.

11. On or about October 1, 2017, Defendant II transported said racketeering enterprise to the Common Pleas Court, Preble County, Ohio, in collusion with Defendant I.

12. To implement the ever-widening goals of the racketeering enterprise in the State of Ohio, Defendant II has committed the unauthorized practice of law in the State of Ohio, as under R.C. §4705.07, in violation of division (A)(3) of this section, since on or about October 1, 2017 to on or about July 20, 2023, and then, to cover-up his unauthorized practice of law in the State of Ohio, Defendant II filed a fabricated and falsified application with the Supreme Court of Ohio to be admitted pro hac vice to facilitate the goals of the racketeering enterprise including, but not limited to, theft of commercial real estate in the nature of substantial farm land and residential real estate of which Plaintiff

3

was recorded to be the deeded legal title owner of said properties located in Preble County, Ohio, and substantial farm rental income.

13. By engaging in illegal activities, as defined in 18 U.S.C. § 1962(a), (b), (c), and (d), each defendant herein also has been, and continues to be, unjustly enriched, as defined in 18 U.S.C. § 1964(c), which states as follows:

> "Any person in [her] business or property by reason of a violation of section 1962 of this chapter may sue therefor in an appropriate United States district court and shall recover threefold the damages [she] sustains and the cost of the suit, including a reasonable attorney's fee …."

14. The amount in controversy, without interest and costs, greatly exceeds the sum or value of $75,000.00 that is specified in 28 U.S.C. § 1332.

15. Venue therefore is proper in this Court, and this civil action should be heard in this Court because the illegal activities that are complained about have occurred and continue to occur in the State of Ohio, Preble County, and have occurred in the State of Colorado, Denver and Delta County, and such violations are the proximate cause of the injury to plaintiff's business or property, inclusive of the commercial and real estate properties that are located therein.

16. This Court has personal jurisdiction over the parties based either on general (continuous and systematic) or claim-specific contacts with this forum.

17. Further, this Court has personal jurisdiction over the parties on the grounds that even a single claim-specific contact is sufficient to confer personal jurisdiction under civil RICO when the defendants injure the plaintiff through activities purposely directed at Plaintiff, who is a resident of the State of Ohio.

18. Each Defendant is unable to present a compelling case that such jurisdiction is unreasonable because Defendant I and Defendant II purposefully entered the State of Ohio to

engaged in the commission of racketeering activities that are the proximate cause of Plaintiff's injuries.

19. Defendant I and Defendant II purposefully and knowingly availed himself to the jurisdiction of the State of Ohio for the intended purpose to commit, has committed, and continues to commit racketeering violations against Plaintiff whom Arthur Dodson Wisehart a/k/a Arthur D. Wisehart and Mark Apelman have targeted and continue to target as the victim of their civil racketeering activities.

## *THE PARTIES AND RELATIONSHIPS*

20. Plaintiff repeats and re-alleges the factual statements and allegations of paragraphs 1 through 19, as if in full force and effect hereto.

21. **JOAN CAROL LIPIN** ("Plaintiff"), is seventy-six years old, the widow of Arthur McKee Wisehart (Deceased 08-05-2022), a resident of Hamilton County, and a citizen of the State of Ohio. Plaintiff resides at 5615 Kugler Mill Road, Cincinnati, Ohio 45236. Plaintiff's telephone number is (513) 793-5894 and her e-mail address is jclipin@aol.com.

22. Further, Plaintiff is the step-motion of Arthur Dodson Wisehart a/k/a Arthur D. Wisehart, who is identified in this complaint as Defendant I.

23. RICO requires "a person" who violated or conspired to violate § 1962(a), (b), or (c). Section 1961(3) defines a culpable "person" as an "individual or entity capable of holding a legal or beneficial interest in property.

24. Dispositive evidence shows that plaintiff was the Defendants' intended target and continues to be the Defendants' intended target of the injury alleged that was due to and caused by Arthur Dodson Wisehart a/k/a Arthur D. Wisehart and Mark Apelman's commission of predicate acts as defined by 18 U.S.C. §1961(1).

25. Plaintiff is entitled to bring legal action against Defendant I and the named Defendant II because there is a direct relationship exists or proximate cause between the injury asserted and the injurious conduct alleged.

26. Further, Plaintiff is entitled to bring legal action against the named Defendant I and the named Defendant II because there is a direct relationship exists or proximate cause between the injury asserted and the injurious conduct alleged.

27. **Arthur Dodson Wisehart a/k/a Arthur D. Wisehart** ("Defendant 1") is about 71 years of age, the step-son of Plaintiff, and the third adult child and second son of his deceased father Arthur McKee Wisehart. Defendant I is a resident and citizen of the State of Colorado. The last known residential and business address of Defendant I is 39508 Pitkin Road, Paonia, Delta County, Colorado 81428.

28. Arthur Dodson Wisehart a/k/a Arthur D. Wisehart conducts and operates the racketeering enterprise at 39508 Pitkin Road, Paonia, Delta County, Colorado 81428, in his capacity as Arthur Dodson Wisehart a/k/a Arthur D. Wisehart or as President and Alter-Ego of Wisehart Springs Inn or in his purported or alleged capacity as "Trustee of the Dorothy R. Wisehart Trust" or "Trustee of the AMW Family Trust."

29. The racketeering enterprise in his purported or alleged capacity as "co-trustee of the Dorothy R. Wisehart Trust" was conducted and operated at 39508 Pitkin Road, Paonia, Delta County, Colorado 81428, Defendant I.

30. Defendant I's telephone number is (773) 294-1146 and his e-mail address is wisehartart@gmail.com.

31. ***Mark Apelman*** ("Defendant II"), is a Colorado attorney Mark Apelman, approximately 60-plus years of age, who purports or alleges himself as a lawyer serving Denver, Colorado, in complex civil litigation, federal criminal defense and litigation cases.

32. Defendant II's last known business address of Defendant II, is Mark Apelman, Esq., Boyle/Apelman PC, 1660 Lincoln Street, Suite 1510, Denver, CO 80264, 303.863.8900; mapelman@ba-lawyers.com.

33. Plaintiff repeats and re-alleges the factual statements and allegations of paragraphs 1 through 32, as if in full force and effect hereto.

### COUNT I
### SCHEME TO INFILTRATE AND CONTROL THE AREA BY USING OBSTRUCTION OF JUSTICE TO FACILITATE THE ENTERPRISE

34. Plaintiff filed a declaratory judgment action entitled *Joan Carol Lipin v. Joan Carol Lipin and Arthur McKee Wisehart v. Arthur Dodson Wisehart, individually and a/k/a Arthur Dodson Wisehart or Arthur D. Wisehart co-trustee of the Dorothy R. Wisehart trust, and Quentin Bowman, individually and a/k/a Quentin L. Bowman or Quentin K. Bowman, and QK Farms, LLC, and Jane Ellen Beach, Esq., individually*, 22-CV-034240, in the Common Pleas Court, Preble County, on April 5, 2022, a copy attached hereto as Exhibit 1.

35. The undisputed record shows that each defendant party failed to respond, plead, or otherwise defend within the required time and thereby admitted the allegations of the complaint, and allegations deemed admitted need not be proved.

36. Defendants I and II herein tortiously interfered with and obstructed justice in the Common Pleas Court, Preble County, in Case No. 22-cv-034240, in which a final judgment was entered even though that Court was required to conduct the mandatory Rule 55(A) default judgment hearings and entered default judgments in favor of Plaintiff Joan Carol Lipin.

7

37. Seven months after each defendant party and all of them had defaulted, Defendants I and II conspired to obstruct justice and did obstruct justice by commencing a new action against Plaintiff to commit civil theft of the substantial farmland, real estate, and farm rental income, assets belonging to Plaintiff Joan Carol Lipin on November 21, 2022.

38. Plaintiff filed a first amended third-party complaint against Defendant I and Defendant II herein, and their co-conspirator acting in concert, Jane Ellen Beach, on August 3, 2023, a copy is attached hereto as Exhibit 2, that was served upon Defendant II, Defendant I, and upon third-party defendant Jane Ellen Beach.

39. Defendants II and I, and third-party defendant Jane Ellen Beach defaulted, and acting in concert, obstructed justice, as shown by the refusal of the Common Pleas Court, Preble County, to conduct the mandatory Rule 55(A) default judgment hearing and enter default judgments against those parties.

40. The Common Pleas Court, Preble County, entered a final judgment in 22-cv-033572, on September 22, 2023, and caused each of Plaintiff's farmlands and real estate properties to be transferred to Defendant 1 in his alleged or purported capacity as trustee of the dorothry r. wisehart trust or as trustee of the amw family trust.

41. Defendant I and Defendant II have engaged or participated, directly or indirectly, in such racketeering activity, and each of them continue to do so to the present, as an association-in-fact enterprise, that is not a legal entity, as defined in 18 U.S.C. § 1964(c).

## *COUNT II*

### *REAL ESTATE SCHEME TO CONTINUE THE RACKETEERING ENTERPRISE BY USING THE EXPIRED TRUST AGREEMENT OR TRUST CONTRACT, AND THE TERMINATED AMW FAMILY TRUST TO COMMIT CIVIL THEFT*

42. Plaintiff repeats and re-alleges the factual statements and allegations of paragraphs 1 through 41, as if in full force and effect hereto.

43. Defendant I and Defendant II have committed racketeering activities under 18 U.S.C. § 1964(c), engaged in said illegal racketeering acts, in violation of 18 U.S.C. § 1962(c) for the intended purpose of taking, by civil theft, R.C. § 2307.61, the real estate properties, farmland, and assets belonging to plaintiff Joan Carol Lipin who is the legal title owner, in fee-simple absolute, as the proximate cause of defendant Arthur D. Wisehart's racketeering enterprise, and activities, by committing criminal fraud and mischief under the statutory laws of the State of Ohio.

## *COUNT III*
## CIVIL RIGHTS VIOLATIONS
### *ACTION UNDER THE CONSTITUTION OF THE UNITED STATES (VIOLATION OF 42 UNITED STATES CODE SECTION 1983)*

44. Plaintiff repeats and re-alleges the factual statements and allegations of paragraphs 1 through 43, as if in full force and effect hereto.

45. On or about October 10, 2023, Defendants I and II caused the Preble County Sheriff's Office to telephone Plaintiff with the fabricated and false claim that allegedly Plaintiff had leased, as the owner, the same two farms to two different farmers and had received farm rental income from one farmer who was threatened by Defendants I and II and therefore refused to farm the two farms.

46. After the Preble County Detective had discussed the matter with Plaintiff, the Preble County Sheriff's Office declined to prosecute Plaintiff based on her veracity.

47. Defendants I and II subsequently have conceded the foregoing in a court filing.

48. Each Defendant and both of them conspired to commit common law fraud upon the plaintiff, upon all the Courts, and upon the public, and did commit common law fraud upon all the Courts, plaintiff, and the public in furtherance of the goals of the enterprise.

### *PRAYER FOR RELIEF*

**WHEREFORE** the Plaintiff prays on behalf of herself as follows, in general:

1. Compensatory damages, for a sum duly trebled, plus interest, to be awarded in favor of plaintiff, and against each defendant party, jointly and severally;

2. Punitive damages to be imposed against each defendant party, jointly and severally;

3. Declaratory and injunctive relief;

4. Restoration of the real estate properties in the name of Joan Carol Lipin, the legally deeded title owner and taxpayer of each of the two separate and contiguous real estate properties and farms located at 5291 New Paris Gettysburg Road; the real estate property and farm 5640 Oxford Gettysburg Road; and the real estate property and farm 4526 Crubaugh Road, Preble County, Ohio.

5. Together with all costs and expenses, and such other, and further relief, as the court deems to be proper, just, or equitable.

### *JURY DEMAND*

Plaintiff demands a trial by jury with respect to all issues so triable.

Dated: October 23, 2023

Respectfully submitted,

_____
Joan Carol Lipin
5615 Kugler Mill Road
Cincinnati, OH 45236
(513) 793-5894; jclipin@aol.com
Plaintiff *Pro Se*