UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOAN CAROL LIPIN, | Case No. 1:23-cv-684 |
| Plaintiff, | McFarland, J.<br>Bowman, M.J. |
| v. | |
| ARTHUR DODSON WISEHART,<br>a/k/a Arthur D. Wisehart, et al., | |
| Defendants. | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On October 23, 2023, Plaintiff Joan Lipin ("Lipin") filed a pro se lawsuit against her deceased husband's son, Arthur D. Wisehart ("ADW"), and his attorney, Mark Apelman, alleging civil violations of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"). Two days later, Plaintiff filed an amended complaint. On November 28, 2023, the undersigned recommended the *sua sponte* dismissal of this case with prejudice, because it was factually and legally frivolous when filed, and attempted to re-litigate issues previously decided in multiple prior cases decided adversely to Plaintiff. The Court also noted that this same Plaintiff, while new to this Court, has previously been sanctioned by multiple courts around the country for her vexatious litigation tactics.

Immediately after the undersigned filed the Report and Recommendation ("R&R"), Plaintiff filed two identical Notices of Dismissal under Rule 41(a)(1)(A). The rule permits dismissal as of right "before the opposing party serves either an answer or a motion for summary judgment." (Docs. 18, 19). Under Rule 41(a)(1)(B), a voluntary dismissal is "without prejudice" unless "the plaintiff previously dismissed any federal- or state-court action based on or including the same claim," in which case the voluntary dismissal

"operates as an adjudication on the merits." *Id.* In addition, Rule 41(d) may permit the award of attorney's fees in certain cases in which a plaintiff has engaged in vexatious litigation. Although Plaintiff has repeatedly litigated the same claims and lost, she does not appear to have previously voluntarily dismissed her claims.

As noted in the prior 30-page R&R, screening Plaintiff's complaint under *Apple v. Glenn* required the expenditure of significant judicial resources, due in part to the necessity of close review of Plaintiff's eight prior cases in multiple courts that litigated the same or similar claims and review of many other vexatious proceedings in other courts in Maine, New Jersey, New York, Colorado and Ohio. The undersigned's extensive review confirmed that Plaintiff's claims herein were factually and legally frivolous, that this Court was without jurisdiction to review those claims, and that Plaintiff was attempting to relitigate issues that had previously been definitively resolved. The R&R further concluded that Plaintiff's new complaint represented an abuse of the litigation process and recommended that she be sanctioned for her pernicious conduct under Rule 11. In order to allow Plaintiff an opportunity to respond to the *sua sponte* recommendation of sanctions, the Court filed a "Show Cause" Order the same day.

By voluntarily dismissing her case, Plaintiff has effectively short-circuited the Court's ability to dismiss her complaint with prejudice. Because dismissal under Rule 41(a)(1) operates without court action and is presumptively "without prejudice," the Court no longer has such authority. On the other hand, "district courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)." *Cooter & Gell v. Hartmarx Corp.*, 110 S.Ct. 2447, 2455, 496 U.S. 384, 395 (1990). Most of the prior R&R provides an explanation for the *sua sponte* imposition of pre-filing restrictions under Rule 11. And the Order that Plaintiff "show cause" for her presumed violation of Rule 11

remains in effect. Plaintiff's Notice of Voluntary Dismissal does nothing to explain her apparent violations of Rule 11 in filing the instant complaint. Therefore, **IT IS RECOMMENDED THAT:**

1. The first two recommendations in the prior R&R (paragraphs 1 and 2), which recommend that this case be dismissed with prejudice by the Court, should be VACATED as MOOT;

2. The remaining recommendations in paragraph 3 of the prior R&R shall STAND, as shall the Order requiring Plaintiff to "show cause" on or before December 12, 2023 for her misconduct.

_s/Stephanie K. Bowman_____
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JOAN CAROL LIPIN, | Case No. 1:23-cv-684 |
| Plaintiff, | McFarland, J. |
| | Bowman, M.J. |
| v. | |
| ARTHUR DODSON WISEHART, a/k/a Arthur D. Wisehart, et al., | |
| Defendants. | |

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).