**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| JOAN CAROL LIPIN, | : | Case No. 1:23-cv-684 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| | : | |
| ARTHUR DODSON WISEHART a/k/a | : | |
| ARTHUR D. WISEHART, et al., | : | |
| | : | |
| Defendants. | : | |

**ENTRY AND ORDER ADOPTING REPORTS AND**
**RECOMMENDATIONS (Docs. 17, 20)**

This matter is before the Court on the Report and Recommendations (Doc. 17) and

Supplemental Report and Recommendations (Doc. 20) of United States Magistrate Judge

Stephanie K. Bowman. Plaintiff filed objections to the Reports (Doc. 21), to which

Defendants responded in opposition (Doc. 22). Plaintiff also filed a reply in support of

her objections (Doc. 23). Thus, this matter is ripe for the Court's review.

First, Plaintiff objects to the Reports, maintaining that they violate due process

because she did not have an opportunity to be heard. (Objections, Doc. 21, Pg. ID 749,

759.) However, Plaintiff was provided notice of the Reports and had ample opportunity

to respond. In line with this opportunity, Plaintiff filed objections and a reply in support

of her objections. (*See* Objections, Doc. 21; Reply, Doc. 23.) Accordingly, Plaintiff's first

objection is not well taken.

Plaintiff also objects to the Reports on the basis that they should be vacated as moot in light of Plaintiff dismissing her case pursuant to Federal Rule of Civil Procedure 41(a)(1). (Objections, Doc. 21, Pg. ID 750, 760; Reply, Doc. 23, Pg. ID 796.) But, "district courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). After all, "a court must have the authority to consider whether there has been a violation of [Rule 11's] signing requirement regardless of the dismissal of the underlying action." *Id.* Magistrate Judge Bowman properly recommended vacating as moot the portion of the Report dismissing the case with prejudice while still recommending Rule 11 sanctions. (Suppl. Report, Doc. 20, Pg. ID 747.) Thus, Plaintiff's second objection is not well taken.

Next, Plaintiff contends that "there is no proof of [her] alleged 'misconduct'" and that the Magistrate Judge's Reports and Order to Show Cause are false, fraudulent, and fabricated. (Objections, Doc. 21, Pg. ID 750, 760.) Such objections are impermissibly conclusory and are "tantamount to a complete failure to object." *See Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Although Plaintiff includes her Motion for Reconsideration in her objections, these arguments are inapposite to the issue at hand. In any event, the Court finds that Magistrate Judge Bowman provided thorough reasoning to support her recommendations. (*See* Report, Doc. 17; Suppl. Report, Doc. 20.) Therefore, this objection is not well taken.

Plaintiff further objects to the Reports' reference to information beyond the four corners of the amended complaint. (Objection, Doc. 21, Pg. ID 758.) But, as Magistrate Judge Bowman noted, Plaintiff's "amended complaint puts this Court on notice of the

2

previously decided issues." (Report, Doc. 17, Pg. ID 716.) The previous cases were therefore properly considered as the Court determined the appropriate Rule 11 sanctions. *See, e.g., Tidik v. Ritsema*, 938 F. Supp. 416, 427 (E.D. Mich. 1996) ("In fashioning an appropriate sanction, the court may consider past conduct of the individual responsible for violating Rule 11."). Accordingly, Plaintiff's final objection is not well taken.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon review, the Court finds that Plaintiff's Objections (Docs. 21, 23) are not well-taken and are accordingly **OVERRULED**. Thus, the Court **ADOPTS** Magistrate Judge Bowman's Report and Recommendations (Doc. 17) and Supplemental Report and Recommendations (Doc. 20) and **ORDERS** the following:

1) The first two recommendations in the prior Report (Doc. 17), which recommend that this case be dismissed with prejudice, are **VACATED AS MOOT**;

2) The remaining recommendations in paragraph 3 of the prior Report (Doc. 17) are **ADOPTED**;

3) Plaintiff Lipin is hereby **ENJOINED** and **BARRED** from filing any new pro se lawsuit, in her name or anyone else's name that raises her claim of ownership in any of the four Ohio parcels of real estate that make up the Ohio farms or in the Paonia Colorado property at issue in this case;

4) Based on her vexatious history, Plaintiff Lipin is hereby formally warned that if she initiates any new civil case that is subsequently found to be frivolous, she

will be declared to be a vexatious litigant in this Court subject to additional pre-filing restrictions. Specifically, she will be required to obtain a certification of an attorney in good standing that any new claims are not frivolous and that the suit is not brought for any improper purpose; and

5) Plaintiff Lipin is also hereby warned that any additional filings of any type that are found to be vexatious are likely to result in additional sanctions, including but not limited to monetary sanctions.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND